

Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
www.kattenlaw.com

DAVID A. CRICHLOW
david.crichlow@kattenlaw.com
212.940.8941 direct
212.940.8776 fax

June 16, 2015

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

      Re:    *UMB Bank, N.A., solely in its capacity as Indenture Trustee, v. Caesars Entertainment Corp.*, Case No. 1:15-CV-04634-UA

Dear Judge Scheindlin:

We represent plaintiff UMB Bank, N.A., as successor indenture trustee (the "Trustee") for $6.345 billion principal amount of First-Priority Senior Secured Notes (the "First Lien Notes") issued by Caesars Entertainment Operating Company, Inc. ("CEOC") and guaranteed by defendant Caesars Entertainment Corporation ("CEC").

The Trustee has filed a complaint (the "Complaint")[1] on June 15, 2015 (Case No. 1:15-CV-04634-UA), in which the Trustee asserted claims against CEC for, among other things, breach of the First Lien Indentures and violations of the Trust Indenture Act of 1939 arising from various out-of-court restructuring activities by which CEC purported to release its Guarantee of the First Lien Notes. We have confirmed that this matter has been referred to Your Honor for consideration of accepting it as related to other matters currently pending before the Court.

As Your Honor is aware, on March 3, 2015, BOKF, N.A., in its capacity as indenture trustee (the "Second Lien Trustee") for CEOC's 12.75% Second-Priority Senior Secured Notes (the "Second Lien Notes"), also filed a complaint alleging breaches of the Second Lien Notes indenture and the TIA in connection with CEC's alleged release of its guarantee of the Second Lien Notes (the "BOKF Action," Case No. 15-cv-1561).

The relevant provisions in the respective indentures governing the First and Second Lien Notes setting forth CEC's guarantee obligations with respect to those notes are substantially identical, as are the transactions giving rise to CEC's claims that these guarantee obligations have been released. The allegations of misconduct against CEC raised by BOKF in respect of the purported release of CEC's guaranty of the Second Lien Notes are equally applicable to the purported release of the First Lien Notes Guaranty, and the Trustee shares in them.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed in the Complaint.

AUSTIN    CENTURY CITY    CHARLOTTE    CHICAGO    HOUSTON    IRVING    LOS ANGELES
NEW YORK    ORANGE COUNTY    SAN FRANCISCO BAY AREA    SHANGHAI    WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations



The Honorable Shira A. Scheindlin
June 16, 2015
Page 2

In light of recent developments -- most notably the fixing of the timeframe on which BOKF is to be permitted to file a motion for partial summary judgment – the Trustee has concluded that it can no longer refrain from acting in its fiduciary capacity as issues critical to First Lien Noteholders' rights are litigated before this Court. Adjudication of any part of the BOKF Action ahead of, and separate from, adjudication of the corresponding rights of the First Lien Noteholders could threaten to prejudice our constituents. To avoid this threat, the Trustee has filed the above-referenced Complaint, and believes that it would be in the interests of all parties to have adjudication before the same judge, and on the same schedule, as the BOKF Action.

To that end, if Your Honor agrees to preside over the Trustee's action, the Trustee would also likely seek leave to file a motion for partial summary judgment on its claims that CEC violated section 316(b) of the TIA when it purported to release the First Lien Notes Guaranty as part of its out-of-court restructuring activities promptly after BOKF files its own motion for partial summary judgment. The Trustee submits that parity in the timing of summary judgment motions would be the most fair and efficient procedure, and would spare the Court from unnecessary duplicative litigation over the substantial identity of legal and factual issues raised by BOKF and the Trustee. Accordingly, if Your Honor agrees to preside over the Trustee's action, we respectfully request that this letter be considered a request for a pre-motion conference pursuant to Your Honor's individual rules and procedures, and that the Court schedule a pre-motion conference at its earliest convenience.

The Trustee would propose to file its summary judgment motion no more than one week after the BOKF motion is filed. The motion and accompanying brief would not burden the Court with unnecessary duplication of arguments raised by BOKF, but would merely identify the limited areas of distinction between the First and Second Lien Noteholders, and add any additional arguments not raised by BOKF (which we expect to be minimal). Thereafter, the Trustee would request that its briefing schedule be consolidated with that of BOKF in a manner that does not delay the Court's ruling or prejudice the defendant, but rather shortens the Trustee's time to reply as may be necessary.



The Honorable Shira A. Scheindlin
June 16, 2015
Page 3

We appreciate the Court's consideration of the Trustee's requests. We have served CEC's counsel with a courtesy copy of this letter by email.

Respectfully,

David A. Crichlow
DAC:vjb

cc:     Jeffrey Saferstein, Esq.